1                                                                  The Honorable Barbara J. Rothstein

2

3

4

5                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
6                                         AT SEATTLE

7   WESTERN NATIONAL MUTUAL                          No. 3:21-cv-05211-BJR
    INSURANCE COMPANY, a foreign Insurer,
8                                                    **ORDER GRANTING MOTION TO**
    Plaintiff,                                       **STAY**
9
    v.
10
    STRICKLAND & SONS EXCAVATION LLC,
11  a Washington limited liability company;
    INDOOR COMFORT SYSTEMS, INC., a
    Washington corporation; CEDAR SPRINGS
12  ASSOCIATES, a Washington limited liability
    company; FENIX EARTHWORKS LLC, a
13  Washington limited liability company; PEASE &
    SONS, INC., a Washington corporation; and
14  CENTRAL PIERCE FIRE & RESCUE a/k/a
    PIERCE COUNTY FIRE DISTRICT NO. 6, a
    Washington Municipal Corporation,
15
    Defendants.
16
          This matter comes before the Court on a Motion to Stay filed by Defendant Central Pierce
17
    Fire and Rescue ("CPFR"), joined by Defendants Strickland & Sons Excavation LLC
18
    ("Strickland") and Fenix Earthworks LLC ("Fenix," collectively, "Defendants"). Plaintiff
19
    Western National Mutual Insurance Company ("Western National" or "Plaintiff") opposes the
20
    motion. Having reviewed the briefs filed in support of and opposition to the motion and the
21
    remainder of the record, the Court finds and rules as follows.
22

23

24  ORDER GRANTING MOTION TO STAY

25   - 1

In this lawsuit, Western National seeks a declaration that it is not liable for either the defense or indemnity of Strickland and Fenix, its insureds under several comprehensive general liability and umbrella policies; or the defense or indemnity of CPFR, which claims to be an "additional insured" under those policies. The coverage dispute arises out of a lawsuit pending in Washington state court, *Strickland & Sons Excavation, LLC v. Indoor Comfort Systems, Inc.*, Pierce County Superior Court Case No. 19-2-11546-2 (the "underlying lawsuit"). The underlying lawsuit concerns Strickland's claims against Indoor Comfort Systems, Inc. ("ICS") and Cedar Springs Associates, for nonpayment for work Strickland performed on property owned by Cedar Springs. ICS and Cedar Springs counterclaimed against Strickland, and also initiated claims against CPFR, Fenix, and Pease & Sons, Inc.[1]  That lawsuit is ongoing, with trial scheduled to begin in January, 2023. Plaintiff is currently paying the costs of Defendants' defense, subject to a reservation of rights to deny coverage and to seek reimbursement. In particular, the Western National policies at issue provide that "[i]f we initially defend an insured . . . but later determine that none of the claims . . . for which we provided a defense . . . are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred." Ex. A to Decl. of Todd Hayes at 5-6 (Western National reservation of rights letter citing reimbursement clause in policy endorsement).

On June 3, 2022, CPFR filed the instant Motion to Stay, seeking a blanket stay of this matter pending resolution of the underlying lawsuit. Western National opposes the motion, arguing that a blanket stay is unnecessary and inappropriate in this case. On June 10, 2022,

---

[1] Pease & Sons, also a defendant in this lawsuit, claimed to be an "additional insured" on the Western National policies, but on June 17, 2022, Western National and Pease filed a "Notice of Partial Agreement" signifying that these two parties had resolved their dispute and intended to file a joint motion for an order of dismissal "within seven days." However, no order of dismissal has yet been requested or entered.

ORDER GRANTING MOTION TO STAY

- 2

1  Western National filed a Motion for Partial Summary Judgment, seeking a declaration that it is
2  not liable for the defense of Defendants in the underlying lawsuit. CPFR, Strickland, and Fenix
3  have all filed oppositions to that motion, which is currently pending.

4    The Court has "unique and substantial discretion" to stay a declaratory judgment
5  proceeding before it. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also Landis v.*
6  *North Am. Co.*, 299 U.S. 248, 254 (1936). "When considering a motion to stay, the court weighs a
7  series of competing interests: (1) the possible damage that may result from the granting of the
8  stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and
9  (3) the orderly course of justice measured in terms of the simplification or complication of issues,
10 proof, and questions of law that could be expected to result from a stay." *Fed. Ins. Co. v. Holmes*
11 *Weddle & Barcott PC*, No. C13-0926, 2014 WL 358419, at *3 (W.D. Wash. Jan. 31, 2014) (citing
12 *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Ninth Circuit has "caution[ed] that
13 'if there is even a fair possibility that the stay ... will work damage to some one else,' the party
14 seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*,
15 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255).

16   Here, Western National has failed to articulate a "fair possibility" that a stay could "work
17 damage" to it. A stay will not, as Western National avers, "prevent[] Western National from
18 obtaining a ruling on its duty to defend." Pl.'s Opp. at 2. It will only delay by mere months a
19 ruling on that question, until all of the outstanding issues in the underlying litigation are resolved.
20 Western National has not articulated any harm that it will endure—particularly in the anticipated
21 few months a stay would be in place—that reimbursement will not cure. As this Court has found
22 under similar circumstances, the existence of a reimbursement clause, like the one found in the

24 ORDER GRANTING MOTION TO STAY

25 - 3

policies here, "lessens the likelihood that Insurers will be damaged by a stay." *West American Ins. Co. v. Constr. Loan Servs. II*, 2:20-cv-01092-BJR, 2020 WL 6747958, at *2 (W.D. Wash. Oct 6, 2020). And, although Western National complains it is being "forced to rely on the ability of defendants to pay out of pocket" if it is later determined it is entitled to reimbursement, this is the unextraordinary proposition it bargained for in its policies.

Defendants, on the other hand, have outlined the potential prejudice they could suffer if forced to continue litigating this action while the underlying lawsuit proceeds, including being required to take potentially conflicting positions. While the exact legal and factual issues in the two cases may not be identical, even the fear of taking a position that might later be given preclusive effect could hamstring Defendants' strategy in the underlying lawsuit. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (holding the court's ability to enter a stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court"). And, at the very least, Defendants would be in the position of having to wage a "two-front war," a situation that is easily mitigated by a brief stay of this matter.

Finally, a stay would eliminate the inefficiency—to the parties and the Court—of proceeding in this coverage dispute while the facts and law continue to unfold in the underlying lawsuit. *See Western Am. Ins. Co.*, 2020 WL 6747958, at *3 (citing *Leyva*, 593 F.2d at 863–64) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case ... In such cases, the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases

ORDER GRANTING MOTION TO STAY

- 4

pending before it."). Once the underlying lawsuit has resolved, the parties may return to this Court with a settled record and obtain whatever ruling at that point is appropriate.

Therefore, the Court hereby GRANTS Defendants' Motion to Stay. At the conclusion of the underlying lawsuit, the parties shall, within 14 days of such event, meet and confer and file a Joint Status Report outlining what issues, if any, remain before this Court.

DATED this 1st day of September, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTION TO STAY

- 5